IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| IN RE CIGNA CORP. ERISA LITIGATION | : <br> : <br> : No. MASTER FILE: 03-CV-714 <br> : |
| THIS DOCUMENT RELATES TO: <br> ALL ACTIONS | : <br> : <br> : <br> : |

## ORDER AND FINAL JUDGMENT APPROVING SETTLEMENT

A hearing having been held before this Court on September 26, 2005 (the "*Fairness Hearing*"), pursuant to this Court's Order dated July 7, 2005 (the "*Preliminary Order*"), upon the Class Action Settlement Agreement and the exhibits annexed thereto, dated June 20, 2005 (the "*Settlement Agreement*"), which were filed in the above-captioned action on June 20, 2005 and are incorporated herein by reference; the *Court* having determined that due notice of the proposed settlement and of the *Fairness Hearing* was given to all *Plaintiffs* (as that term is defined in the *Settlement Agreement*) whose interests are affected by the proposed settlement in accordance with the *Preliminary Order*; the respective parties having appeared by their attorneys of record at the *Fairness Hearing*; an opportunity to be heard having been given to all *Plaintiffs* in accordance with the *Preliminary Order*; all *Plaintiffs* having been given due notice of and an opportunity to present their legal and factual arguments in opposition to approval of the *Settlement Agreement*, payments to *Named Plaintiffs*, and the request of *Class Counsel* for award of attorneys' fees and reimbursement of expenses; and the entire matter of the proposed settlement having been heard and considered by the *Court*;

**IT IS ORDERED, ADJUDGED, AND DECREED THIS _____ DAY _____, 2005 AS FOLLOWS:**

1. To the extent defined in the *Settlement Agreement*, the terms in this Order shall have the meanings set forth therein.

2. The Notice of Proposed Settlement of Class Action (the "*Settlement Notice*") was sent on July 27 and 28, 2005 in accordance with the *Preliminary Order*, to all *Plaintiffs* (as defined in the Settlement Agreement to include the *Named Plaintiffs* and *Settlement Class*) at their CIGNA email addresses or last known home addresses.

3. The *Court* determines that due and adequate notice of the proposed settlement has been provided to all *Plaintiffs*, such notice being found to be the best notice practicable under the circumstances and to meet all requirements of due process and of Federal Rule of Civil Procedure 23; that full opportunity has been given to the *Plaintiffs* to participate in the *Fairness Hearing*; and that all such *Plaintiffs* are bound by the Order and Final Judgment entered herein.

4. For settlement purposes only, the *Court* hereby grants class certification to the class of persons defined as "(a) all persons who, as of March 1, 2005, had a *Plan* account balance greater than zero and who held CIGNA stock in their *Plan* account at anytime from May 2, 2001 through March 1, 2005; and (b) as to each person within the scope of subsection (a), his, her or its beneficiaries, representatives and *Successors-in-Interest*" (the "*Settlement Class*"). Excluded from the "*Settlement Class*" are *Defendants* and beneficiaries, representatives and *Successors-in-Interest* of any *Defendant*. Donna Huntsman and Catherine Lazar (the "*Named Plaintiffs*") are appointed as the class representatives for the *Settlement Class*, and *Class Counsel* are appointed as class counsel for the *Settlement Class* pursuant to Federal Rule of Civil Procedure 23(g).

5.  For settlement purposes only, the *Settlement Class* is certified as to the claims that *Defendants* violated Sections 404 and 405 of ERISA, 29 U.S.C. §§ 1104 and 1105 pursuant to Federal Rule of Civil Procedure 23(c)(1)(B).

6.  For settlement purposes only, the *Court* finds that the *Settlement Class* is properly certified under Federal Rules of Civil Procedure 23(a)(1)-(4) and 23(b)(2), (e) and (g). Specifically, the *Court* makes the following findings of fact, conclusions of law, and determinations of mixed fact/law questions:

   a.  The *Court* finds that the members of the *Settlement Class* are so numerous that their joinder before the *Court* would be impracticable. Information maintained by the Plan's recordkeepers indicates that the *Class* is comprised of at least 30,000 members, and *Defendants* concur with this estimate. The size of this group satisfies the Rule 23(a)(1) impracticality of joinder requirement.

   b.  The Class allegations present common questions of law or fact in satisfaction of Rule 23(a)(2).

   c.  Rule 23(a)(3) requires that the claims of the representative parties be typical of the claims of the *Settlement Class*. That requirement is satisfied where the claims of the representative plaintiff arise from the same course of conduct that gives rise to the claims of the other *Settlement Class* members, and where the claims are based on the same legal theory. In the present case, the *Named Plaintiffs* allege, among other things, that they were *Plan* participants or beneficiaries during the *Class Period*, that the *Plan's* fiduciaries treated them and all other *Plan* participants alike, and that *Plan*-wide relief is necessary and appropriate under ERISA. Under these circumstances, the claims asserted by the *Named Plaintiffs* are sufficiently typical of the claims asserted by the *Settlement Class* as a whole, in satisfaction of Rule 23(a)(3).

    d.  The requirements of Rule 23(a)(4) are also satisfied. The *Named Plaintiffs* have no conflicting interests with absent members of the *Settlement Class*. On the contrary, the *Named Plaintiffs* appear to be strongly motivated to establish liability on the part of the *Defendants* and to obtain *Plan*-wide relief for the benefit of all *Settlement Class* members. The *Court* is satisfied that *Class Counsel* are qualified, experienced, and prepared to represent the *Settlement Class* to the best of their abilities.

    e.  Class certification is appropriate under Rule 23(b)(2). *Defendants* have "acted or refused to act on grounds generally applicable to the class" by their management of the *Plan*. *Plaintiffs* therefore seek injunctive, declaratory, and equitable monetary relief for the class, which is the type of claim properly certifiable under Rule 23(b)(2).

    f.  The *Court* has also considered each of the elements required by Rule 23(g), in order to ensure that *Class Counsel* will fairly and adequately represent the interests of the *Class*. *Class Counsel* who seek to represent the *Settlement Class* in this matter have done substantial work to identify or investigate potential claims in the *Action*. They have refined the allegations through a *Consolidated Complaint*. *Class Counsel* state that they have investigated the allegations made in the *Complaint* by interviewing witnesses, reviewing publicly-available information, and reviewing thousands of pages of documents obtained in the course of discovery. This is the type of investigation that is proper and sufficient at this stage of litigation, which tends to support the *Court's* finding that *Class Counsel* will fairly and adequately represent the interests of the *Class*. *Class Counsel* has experience in handling class actions, other complex litigation, and claims of the type asserted in this action. *Class Counsel* has also demonstrated knowledge of the applicable law. Finally, *Class Counsel* has devoted considerable resources to this litigation, including the efficient delegation of work and responsibility among partners,

associates, paralegals, document clerks, and third party vendors, and among the offices of *Class Counsel* Keller Rohrback L.L.P., Schiffrin & Barroway, LLP, and Abraham Fructer & Twersky LLP. The *Court* concludes that efficient use of the various resources available to *Class Counsel* has been sufficient to represent the interests of the *Settlement Class*.

   7. Pursuant to Federal Rule of Civil Procedure 23(e), the *Settlement Agreement* and the exhibits annexed thereto and the terms of the settlement as described in the *Settlement Agreement* are approved and confirmed as being fair, reasonable, and adequate to all *Plaintiffs*, for the reasons stated in the parties' submissions, in the *Preliminary Order*, on the record at the *Fairness Hearing*. Specifically, the *Court* makes the following findings of fact, conclusions of law, and determinations of mixed fact/law questions:

    a. The complexity, expense and likely duration of the litigation weigh in favor of the *Settlement*. The *Settlement* secures a substantial recovery without further litigation, delay, expense, or uncertainty.

    b. The *Court* has duly considered each objection that was filed, and the *Court* denies each objection.

    c. The stage of the proceedings and discovery completed weigh in favor of the *Settlement*. *Named Plaintiffs*, through *Class Counsel*, have conducted a thorough evaluation of the strengths and weaknesses of the case. The briefing in this case and the lengthy settlement negotiations shed further light on the strengths and weaknesses of the case, the risks of litigation, and the issue that the Class would face at trial. The parties had more than a sufficient basis for assessing the strengths and weaknesses of the claims when they submitted the *Settlement Agreement* to the *Court* for approval.

    d.  The risks of establishing liability and damages weighs in favor of the *Settlement*. *Named Plaintiffs* contend that their claims are strong in view of the caselaw expressed in similar cases, the expert testimony that *Plaintiffs* expected to offer at trial, and the structure of the *Plan* and its administration. *Defendants* contend that their chances of success on summary judgment or at trial are excellent in view of alleged legal presumptions favoring the offering of Company stock in *ERISA* plans, the expert testimony that *Defendants* expected to offer at trial, and the fact that, for reasons disputed by the parties, CIGNA's stock price has increased. The *Court* takes no position on merits of either *Named Plaintiffs'* or *Defendants'* case, but notes these arguments as evidence in support of the reasonableness of the *Settlement*.

    e.  The risk of maintaining the class action through trial is a factor that must be considered. Class certification influences the value of a class action. *Named Plaintiffs* maintain that the case is properly certified as a class action. Defendants have made clear that they would mount a vigorous resistance to class certification. Thus, consideration of this factor neither favors nor discourages the *Settlement*.

    f.  The ability of *Defendants* to withstand a greater judgment neither favors nor discourages the *Settlement*. Although this is a non-cash settlement, the *Named Plaintiffs* have submitted expert testimony that the value of the *Settlement* is substantial.

    g.  The range of reasonableness of the Settlement in light of the best possible recovery weighs in favor of the *Settlement*. The *Settlement* yields substantial and immediate value to the *Settlement Class*. Plaintiffs submitted the expert report of Professor Krishna Ramaswamy, who estimated the value of the *Plan* design change obtained for participants by the *Settlement* to be between $24,180,337.00 and $30,011,668.00. The *Court* finds Professor

Ramaswamy's analysis persuasive and specifically finds that the *Settlement* provides a substantial and important benefit for the *Settlement Class*.

8.  The parties are hereby directed to proceed with and implement the *Settlement Agreement* in accordance with its terms.

9.  The *Court* hereby approves the agreed-upon attorneys' fees and reimbursement of expenses in the sum of $ _____ to Class Counsel and Case Contribution Awards to each of the Named Plaintiffs in the amount of $_____. The amounts enumerated in this paragraph are to be paid in accordance with the provisions of the *Settlement Agreement*.

10. The *Court* dismisses with prejudice the *Action* and all claims asserted in the *Consolidated Complaint*.

11. The *Court* shall retain continuing jurisdiction over this matter for the purposes of consummating, implementing, and enforcing the *Settlement Agreement* and the terms of this Order and Final Judgment, including entry of any further orders as may be necessary and appropriate.

12. The *Court's* reservation of continuing jurisdiction pursuant to the preceding paragraph shall not affect in any way the finality of this Order and Final Judgment.

                                            BY THE COURT:

                                            _____
                                            John P. Fullam, J.

Dated: _____, 2005