IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE CIGNA CORP. ERISA LITIGATION | No. MASTER FILE: 03-CV-714 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

## CLASS ACTION SETTLEMENT AGREEMENT

This CLASS ACTION SETTLEMENT AGREEMENT is entered into by and between *Named Plaintiffs* in the above-captioned *Action* for themselves and on behalf of the *Settlement Class*, on the one hand, and *Defendants*, on the other, in consideration of the promises, covenants and agreements herein described and for other good and valuable consideration acknowledged by each of them to be satisfactory and adequate.

## RECITALS

WHEREAS, Plaintiffs in Huntsman v. CIGNA Corp., et al., Civil Action No. 03-714 (E.D. Pa.), and Lazar v. CIGNA Corp., et al, Civil Action No. 03-1034 (E.D. Pa.), individually and on behalf of a purported class and the CIGNA 401(k) Plan, commenced actions asserting various claims for relief under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), against *Defendants* and Mellon Bank, N.A., all of which claims are disputed by all those named; and

WHEREAS, pursuant to the Stipulation and Agreed Pretrial Order No. 1, Huntsman v. CIGNA Corp., et al. and Lazar v. CIGNA Corp., et al. were consolidated in the above-captioned *Action*; and

1

WHEREAS, *Named Plaintiffs* filed the *Consolidated Complaint* in the *Action* on June 16, 2003; and

WHEREAS, *Defendants* and Mellon Bank, N.A. moved to dismiss the *Consolidated Complaint*; and

WHEREAS, *Named Plaintiffs* voluntarily dismissed Mellon Bank, N. A. as a defendant in the *Action* without prejudice on January 16, 2004; and

WHEREAS, on August 2, 2004, the Court converted *Defendants'* Motion to Dismiss into a Motion for Summary Judgment; and

WHEREAS, *Defendants*, while denying all liability for the claims made in the *Action*, maintaining that they are without any fault or liability, and relying on the provisions hereof that this *Settlement Agreement* and the discussions between the *Parties* preceding it shall in no event be construed as or be deemed to be evidence of an admission or concession on their part of any fault or liability whatsoever, consider it desirable to settle with finality the *Action* on behalf of the *Settlement Class*, on the terms hereinafter set forth;

NOW, THEREFORE, the *Parties*, in consideration of the promises, covenants and agreements herein described, and for other good and valuable consideration, acknowledged by each of them to be satisfactory and adequate, and intending to be legally bound, do hereby mutually agree as follows:

1. **DEFINITIONS**

As used in this *Settlement Agreement*, italicized terms and phrases not otherwise defined have the meanings provided below:

1.1. "*Action*" shall mean: In re CIGNA Corp. ERISA Litigation, Master File 03-CV-714, United States District Court for the Eastern District of Pennsylvania (Hon. J. Fullam), and

any and all cases now or hereafter consolidated therewith. The *Action* specifically excludes the *Securities Action*

1.2. *"Agreement Execution Date"* shall mean: the date on which this *Settlement Agreement* is fully executed.

1.3. *"Class Counsel"* shall mean: Keller Rohrback L.L.P., Schiffrin & Barroway, LLP, and Abraham Fruchter & Twersky LLP.

1.4. *"Class Period"* shall mean: the period from May 2, 2001 through March 1, 2005.

1.5. *"Company"* shall mean: CIGNA Corporation ("CIGNA"), a Delaware corporation, each of its affiliates, and each of its predecessors and *Successors-in-Interest*.

1.6. *"Consolidated Complaint"* shall mean: the Consolidated Complaint For Violations Of Employee Retirement Income Security Act, Class Action Complaint filed on June 16, 2003 in the *Action*.

1.7. *"Defendants"* shall mean: the *Company*, the CIGNA Corporate Benefit Plan Committee, the CIGNA Investment Review Group, Donald M. Levinson, Judith E. Soltz, James G. Stewart, Stewart M. Beltz, David Durham, Gerald T. Meyn, Mordecai Schwartz, Axel von Borsig, H. Edward Hanway, and Mellon Bank N. A.

1.8. *"Fairness Hearing"* shall have the meaning set forth in Section 3.2.

1.9. *"Final"* shall mean: with respect to any judicial ruling or order, that the period for any appeals, petitions, motions for reconsideration, rehearing, or certiorari or any other proceeding for review ("*Review Proceeding*") has expired without the initiation of a *Review Proceeding*, or, if a *Review Proceeding* has been timely initiated, that there has occurred a full and final disposition of any such *Review Proceeding* without a reversal or any material modification, including the exhaustion of proceedings in any remand and/or subsequent appeal

3

and remand. Notwithstanding any other provision hereof, the *Final Order* shall be deemed *Final* without regard to whether (i) the Court has entered an order regarding the award of legal fees and expenses; (ii) any order referred to in (i) hereof, if entered, has become *Final*; or (iii) any order referred to in (i) is reversed or modified on appeal.

1.10. *"Final Order"* shall mean: the Order and Final Judgment to be mutually agreed upon and proposed by the *Parties* and approved by the Court, in substantially the form attached hereto as Exhibit 2.

1.11. *"Named Plaintiffs"* shall mean: Donna Huntsman and Catherine Lazar.

1.12. *"Parties"* shall mean: *Named Plaintiffs* and *Defendants*.

1.13. *"Plaintiffs"* shall mean: *Named Plaintiffs* and each member of the *Settlement Class*.

1.14. *"Plan"* shall mean: the CIGNA 401(k) Plan (known as the Savings and Investment Plus Plan prior to January 1, 1998) (as amended and restated effective January 1, 1997), and all predecessor and successor plans, individually and collectively, and any trust created under such *Plan*.

1.15. *"Preliminary Order"* shall mean: the Order to be mutually agreed upon and proposed by the *Parties* and approved by the Court in connection with the Motion for Preliminary Approval of Settlement to be filed by *Named Plaintiffs* through *Class Counsel*, in substantially the form attached hereto as Exhibit 1.

1.16. *"Securities Action"* shall mean: In re CIGNA Corp. Securities Litigation, Master File No. 02-8088, United States District Court for the Eastern District of Pennsylvania (Hon. Clarence Newcomer), and any and all cases now or hereafter consolidated therewith. *Securities Action* specifically excludes the *Action*.

4

1.17. *"Settlement"* shall mean: the settlement to be consummated under this *Settlement Agreement* pursuant to the *Final Order*.

1.18. *"Settlement Agreement"* shall mean: this Class Action Settlement Agreement.

1.19. *"Settlement Class"* shall mean: (a) all persons who, as of March 1, 2005, had an account balance in the *Plan* greater than zero and who had any portion of their *Plan* account invested in the CIGNA Stock Fund at any time from May 2, 2001 through March 1, 2005; and (b) as to each person within the scope of subsection (a) of this Section 1.19, his, her or its beneficiaries, representatives and *Successors-in-Interest*. Excluded from the *"Settlement Class"* are *Defendants* and the beneficiaries, representatives and *Successors-in-Interest* of any *Defendant*.

1.20. *"Settlement Notice"* shall mean: the Notice of Proposed Settlement of Class Action to be sent to each *Plaintiff* following the Court's issuance of the *Preliminary Order*, in substantially the form attached to the *Preliminary Order* as Exhibit A.

1.21. *"Successors-in-Interest"* shall mean: a person's estate, legal representatives, heirs, successors or assigns, including successors or assigns that result from corporate mergers or other structural changes.

2.  **CLASS CERTIFICATION SOLELY FOR PURPOSES OF SETTLEMENT**

The *Parties* stipulate to certification of the *Action* as a class action solely for settlement purposes pursuant to Rules 23(a)(1)-(4) and 23(b)(2) of the Federal Rules of Civil Procedure, with *Named Plaintiffs* as the named class representatives, with *Class Counsel* as counsel for *Plaintiffs*, and the *Settlement Class* as a non opt-out class. Certification of the *Settlement Class* pursuant to Rules 23(a)(1)-(4) and 23(b)(2) of the Federal Rules of Civil Procedure is a condition to *Settlement*. If the *Final Order* is not entered, then no *Settlement Class* shall be deemed to

have been certified by, or as a result of, this *Settlement Agreement*, and the *Action* and the claims asserted by *Plaintiffs* shall for all purposes with respect to the *Parties* revert to their status as of the day immediately before the *Agreement Execution Date*. In such event, *Defendants* shall not be deemed to have consented to the certification of any class, the agreements and stipulations in this *Settlement Agreement* concerning class definition or class certification shall not be used as evidence or argument to support class certification or class definition, and *Defendants* shall retain all rights to oppose class certification, including certification of a class identical to that provided for in this *Settlement Agreement* for any other purpose.

3.  **PRELIMINARY *SETTLEMENT* APPROVAL AND NOTICE**

    3.1.  Motion for Preliminary Approval of Settlement. As soon as reasonably possible after the *Agreement Execution Date*, *Named Plaintiffs* through *Class Counsel* shall file with the Court a motion seeking preliminary approval of this *Settlement Agreement* and entry of the *Preliminary Order* in substantially the form attached hereto as Exhibit 1.

    3.2.  Issuance of Class Settlement Notice. On the date and in the manner set by the Court in the *Preliminary Order*, *Defendants* shall cause to be sent to each *Plaintiff* a *Settlement Notice*, in a form and manner to be approved by the Court, which shall be in substantially the form attached as Exhibit A to the *Preliminary Order*. The parties contemplate using email notification where practicable and if approved by this Court. The *Settlement Notice* shall describe the *Action* and its status, summarize the proposed *Settlement*, and specify in reasonable detail the terms of the *Settlement*. The *Settlement Notice* shall also inform *Plaintiffs* of a hearing to be held before the United States District Court for the Eastern District of Pennsylvania, on a date and location to be determined by the Court ("*Fairness Hearing*"), at which time any *Plaintiff* satisfying the conditions set forth in the *Preliminary Order* and the *Settlement Notice*

may be heard regarding the terms of the *Settlement* and the petition of *Class Counsel* for award of attorneys' fees and expenses and for compensation to *Named Plaintiffs*. Defendants shall bear the cost of issuing the *Class Settlement Notice*.

3.3. <u>Request by Court or *Named Plaintiffs* for Information</u>. If the Court deems it necessary for the *Defendants* to supply information in their possession as part of the Court's review of the *Settlement Agreement*, the *Defendants* agree to reasonably expedite provision of such information as directed by the Court. If *Named Plaintiffs* deem it necessary for the *Defendants* to supply information in their possession in order to respond to any timely filed objection, the *Defendants* agree to reasonably expedite provision of such information, which shall be treated as confidential and utilized only for purposes of responding to such objection and furtherance of this *Settlement*. Any disputes regarding requests for information by *Named Plaintiffs* shall be referred to the Court. In no event shall Defendants be obligated to pay any portion of the fees or expenses incurred by Class Counsel in connection with the provision of, or Class Counsel's review or analysis of, such additional information.

4. **FINAL *SETTLEMENT* APPROVAL**

4.1. <u>Dismissal with Prejudice</u>. Not later than ten (10) days before the *Fairness Hearing*, the *Named Plaintiffs* shall submit to the Court a motion for entry of the *Final Order*, which shall be in substantially the form attached hereto as Exhibit 2, and which shall provide for the following:

(a) approval of the class settlement of the claims covered by this *Settlement Agreement*, finding the *Settlement Class* to be properly certified pursuant to Rules 23(a)(1)-(4) and 23(b)(2) of the Federal Rules of Civil Procedure, adjudging the *Settlement* to be fair,

7

reasonable and adequate, directing consummation of the terms and provisions of the *Settlement Agreement*, and requiring the *Parties* to take the necessary steps to effectuate the terms of this *Settlement*;

   (b) dismissal with prejudice of the *Action* and all claims asserted in the *Consolidated Complaint*, whether asserted by *Named Plaintiffs* on their own behalf, on behalf of the *Settlement Class*, or on behalf of the *Plan*, without additional costs to any of the *Parties* other than as provided for in this *Settlement Agreement*; and

   (c) the *Parties'* submission to, and the Court's continuing retention of, exclusive jurisdiction over this matter for the purpose of effectuating and supervising the enforcement, interpretation or implementation of this *Settlement*, and resolving any disputes that may arise hereunder, in accordance with the procedures set forth in Section 5.6.

  4.2. Scope of Dismissal. Notwithstanding the foregoing, this *Settlement* and the dismissal described in Section 4.1(b) shall not foreclose or in any other manner prevent the *Plan* itself, the *Plan* fiduciaries, former *Plan* participants or the Department of Labor from asserting any claim that they have or may have, now or in the future, against *Defendants* based on the conduct alleged in the *Consolidated Complaint*, or any other conduct, nor in any manner impact or affect such claims. In addition to the foregoing, the *Settlement* and dismissal described in Section 4.1(b) shall not release any securities claims that *Plaintiffs* have asserted or may assert directly or derivatively in the *Securities Action*.

  4.3. Applicable to All Plaintiffs. The *Final Order* shall provide that upon its entry all *Plaintiffs* shall be bound by this *Settlement Agreement* and by the *Final Order*.

5.  **TERMS OF SETTLEMENT**

8

5.1. *Plan* Amendment and Payment of Award to *Named Plaintiffs*. In full, complete and final settlement of the claims of *Plaintiffs* set forth in the *Action*, and subject to the satisfaction of all of the terms and conditions of this *Settlement Agreement*, the *Parties* shall comply with the following provisions:

(a) No later than fourteen (14) days after the *Final Order* becomes *Final*, CIGNA shall amend the *Plan* to remove the requirement that Company Matching Contributions, Variable Matching Contributions, and any investment gains or losses thereon, must remain invested in the CIGNA Stock Fund while a participant is employed by CIGNA and prior to a *Plan* participant's 55th birthday. "Company Matching Contributions," "Variable Matching Contributions," and the "CIGNA Stock Fund" shall have the meanings as defined in the *Plan*.

(b) Notwithstanding the provisions in Section 5.1(a), CIGNA may proceed with the amendment described in Section 5.1(a) at any time prior to the *Agreement Execution Date*, and shall not be precluded from making or implementing, or communicating with its employees or *Plan* participants and beneficiaries about, the amendment described in Section 5.1(a) prior to or after the *Agreement Execution Date*.

(c) Subject to Court approval, no later than ten (10) business days after the *Final Order* becomes *Final*, CIGNA shall deliver to *Class Counsel* two checks, payable to the *Named Plaintiffs* in recognition for their contribution to this litigation, as follows: (i) one check in the amount of two thousand dollars ($2,000.00), less applicable deductions, made payable to "Donna Huntsman;" and (ii) one check in the amount of two thousand dollars ($2,000.00), less applicable deductions, made payable to "Catherine Lazar."

5.2. No Effect on the Plan. Except as specifically provided in Section 5.1(a), nothing in this *Settlement Agreement* is intended to modify CIGNA's rights and obligations under the

9

*Plan* or to modify any *Plaintiffs'* entitlement or non-entitlement to participate in or receive benefits under the terms of the *Plan*.

 5.3. Attorneys' Fees and Costs. *Defendants* agree to pay, and shall not object to payment, to *Class Counsel* of reasonable attorneys' fees and expenses, in the amount of nine hundred and fifty thousand dollars ($950,000), relating to the litigation of the *Action*, the settlement thereof, and the administration and implementation of the *Settlement*. Such award must be approved by the Court following an application by *Class Counsel*, which shall seek an amount not to exceed nine hundred and fifty thousand dollars ($950,000). Such award shall be delivered by *Defendants* to *Class Counsel* no later than ten (10) business days after the order approving the award of attorneys' fees and expenses becomes *Final*, provided, however, that no payment shall be made to *Class Counsel* until after the *Final Order* becomes *Final*. *Defendants* shall not take any position as to the reasonableness of the fees and costs in the *Settlement* approval process, other than to indicate that they have agreed to pay the fees and costs in the above amounts in connection with the resolution of this lawsuit. In no event shall *Defendants* be obligated to pay any other attorneys' fees or expenses incurred in connection with the *Action* or the claims being settled herein.

 5.4. Publicity. The *Parties* shall not initiate any communication with the media concerning the settlement of the *Action* or this *Settlement Agreement*. In the event any representative of the media initiates an inquiry regarding the *Action* or this *Settlement Agreement*, the *Parties* agree to respond only by releasing a joint statement in the form attached hereto as Exhibit 3.

 5.5. Removal of Settlement-related Materials from Internet Sites. If *Class Counsel* posts documents relating to the Settlement on www.kellersettlements.com,

10

www.ERISAfraud.com, or any other Internet sites, *Class Counsel* shall remove any such documents from such Internet sites within forty-five (45) days after the *Plan* is amended as described in Section 5.1(a) herein or the *Final Order* becomes *Final*, whichever occurs later.

5.6.     Resolution of Disputes under this *Settlement Agreement*. Should a dispute of any nature whatsoever arise concerning the compliance by any entity or person with any term of this *Settlement Agreement* or the *Final Order*, or concerning the interpretation of this *Settlement Agreement* or the *Final Order*, it shall be resolved exclusively and mandatorily in the following manner:

(a)     The person or entity asserting the claim, violation or raising the question of interpretation shall serve written notice of same promptly, but in no event later than fourteen (14) days after the date of occurrence of the circumstances giving rise to the claim, violation or question of interpretation, to *Class Counsel* and to counsel for *Defendants* at the addresses listed in the signature block of this *Settlement Agreement*.

(b)     *Class Counsel* and counsel for *Defendants*, with the participation of the person or entity raising the issue, if appropriate, shall promptly, and in no event later than fourteen (14) days after receiving the aforementioned notice, discuss the matter and attempt to reach an agreed resolution.

(c)     If no resolution is reached, the matter shall within fourteen (14) days be submitted to the Court. The *Parties* hereby consent to the initial referral of any matter to a United States Magistrate Judge should the Court deem such referral appropriate.

(d)     Any dispute or claim arising under or involving the application or interpretation of the *Plan* relating to any claim for benefits under the *Plan* shall be resolved

initially through the appeal procedure set forth in the *Plan* and thereafter through other procedures provided by law.

5.7. <u>Conditional Nature of Settlement</u>. If the *Preliminary Order* and the *Final Order* are not entered by the Court in substantially the form submitted by the *Parties* or in a form which is otherwise agreed to by the *Parties*, or if this *Settlement Agreement* is disapproved by the Court or fails to become effective for any reason whatsoever, or if the *Preliminary Order* or *Final Order* is finally reversed on appeal, or modified on appeal and the *Parties* hereto do not mutually agree to any such changes to the terms of this *Settlement*, this *Settlement Agreement* shall be terminated, be deemed null and void, and have no further force or effect, in which case the *Action* and the claims asserted by *Plaintiffs* shall for all purposes with respect to the *Parties* revert to their status as of the day immediately before the *Agreement Execution Date*.

5.8. <u>No Admission of Liability</u>. This *Settlement Agreement* and any negotiations or proceedings hereunder are not, and shall not be construed as or deemed to be, an admission by or on the part of *Defendants* of fiduciary status under ERISA or any liability or wrongdoing whatsoever in connection with the claims in the *Action*, or in any other litigation matter, and *Defendants* expressly deny and disclaim any such liability or wrongdoing.

6. **MISCELLANEOUS PROVISIONS**

6.1. <u>Best Efforts of Counsel</u>. The undersigned counsel, on behalf of themselves and the *Parties*, shall use their best efforts to obtain all approvals necessary and to do all things necessary or helpful to effectuate preliminary and final approval and the implementation of this *Settlement Agreement* according to its terms, including the exchange of documents and materials needed for the purpose of providing notice and conducting any hearing, and to satisfy the material conditions of this *Settlement Agreement*.

12

6.2. <u>Governing Law</u>. This *Settlement Agreement* shall be governed by the laws of the Commonwealth of Pennsylvania without giving effect to the conflict of laws or choice of law provisions thereof, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

6.3. <u>Severability</u>. The provisions of this *Settlement Agreement* are not severable.

6.4. <u>Amendment</u>. Before entry of the *Final Order*, the *Settlement Agreement* may be modified or amended only by written agreement signed by or on behalf of all *Parties*. Following entry of the *Final Order*, the *Settlement Agreement* may be modified or amended only by written agreement signed on behalf of all *Parties*, and approved by the *Court*.

6.5. <u>Waiver</u>. The provisions of this *Settlement Agreement* may be waived only by an instrument in writing executed by the waiving party. The waiver by any party of any breach of this *Settlement Agreement* shall not be deemed to be or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this *Settlement Agreement*.

6.6. <u>Construction</u>. None of the *Parties* shall be considered to be the drafter of this *Settlement Agreement* or any provision hereof for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

6.7. <u>Counterparts</u>. This *Settlement Agreement* may be executed by exchange of faxed executed signature pages, and any signature transmitted by facsimile for the purpose of executing this *Settlement Agreement* shall be deemed an original signature for purposes of this *Settlement Agreement*. This *Settlement Agreement* may be executed in any number of counterparts, and each of such counterparts shall for all purposes be deemed to be an original, and all such counterparts shall together constitute but one and the same instrument.

6.8. <u>Principles of Interpretation</u>. The headings of this *Settlement Agreement* are for reference purposes only and do not affect in any way the meaning or interpretation of this *Settlement Agreement*. Definitions apply to the singular and plural forms of each term defined. Definitions apply to the masculine, feminine, and neuter genders of each term defined. References to a person are also to the person's permitted successors and assigns. Whenever the words "include," "includes" or "including" are used in this *Settlement Agreement*, they shall not be limiting but rather shall be deemed to be followed by the words "without limitation."

6.9. <u>Further Assurances</u>. Each of the *Parties* agrees, without further consideration and as part of finalizing the *Settlement* hereunder, that they will in good faith execute and deliver such other documents and take such other actions as may be necessary to consummate and effectuate the subject matter and purpose of this *Settlement Agreement*.

6.10. <u>Notices</u>. Any notice, demand or other communication under this *Settlement Agreement* (other than the *Settlement Notice*, or other notices given at the direction of the Court) shall be in writing and shall be deemed duly given upon receipt if it is addressed to each of the intended recipients as set forth below and personally delivered, sent by registered or certified mail (postage prepaid), sent by confirmed facsimile, or delivered by reputable express overnight courier:

IF TO NAMED PLAINTIFFS:

    Lynn Lincoln Sarko
    Elizabeth A. Leland
    Derek Loeser
    KELLER ROHRBACK L.L.P.
    1201 Third Avenue, Suite 3200
    Seattle, WA 98101-3052
    Tel.: (206) 623-1900
    Fax: (206) 623-3384

Joseph H. Meltzer
Gerald D. Wells, III
SCHIFFRIN & BARROWAY, LLP
280 King of Prussia Road
Radnor, PA 19087
Tel.: (610) 667-7706
Fax: (610) 667-7056

Jeffrey S. Abraham
ABRAHAM FRUCHTER & TWERSKY LLP
One Penn Plaza, Suite 2805
New York, NY 10119
Tel.:   (212) 714-2444 X. 20
Fax:   (212) 279-3655

IF TO NAMED DEFENDANTS:

Joseph J. Costello
Brian T. Ortelere
Amy Promislo
MORGAN LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, Pennsylvania 19103-2921
Tel.: 215-963-5000
Fax: 215-963-5001

Alexander R. Sussman
David M. Morris
FRIED FRANK HARRIS SHRIVER & JACOBSON LLP
One New York Plaza
New York, NY 10004
Tel.: 212-859-8005
Fax: 212-859-4000

6.11.   **Entire Agreement.** This *Settlement Agreement* contains the entire agreement among the *Parties* relating to this *Settlement*. It specifically supersedes any settlement terms or *Settlement Agreements* relating to the *Defendants* that were previously agreed upon orally or in writing by any of the *Parties*.

6.12. <u>Binding Effect</u>. This *Settlement Agreement* binds and inures to the benefit of the Parties hereto, their assigns, heirs, administrators, executors and *Successors-in-Interest*.

6.13. <u>Return of Discovery Documents</u>. Except for attorney notes, pleadings, transcripts, and other court submissions and exhibits thereto, each Party that received material, including confidential material obtained in formal discovery, material obtained in informal discovery (including initial disclosure material provided pursuant to Federal Rule of Civil Procedure 26), information provided for purposes of settlement, and all other confidential material, from an opposing Party in the course of litigating this Action shall, within thirty (30) days after the Effective Date of Settlement, at the opposing Party's option either (i) return all such materials in its custody or control, including in the possession of consultants of the opposing Party, to the producing Party or (ii) certify that all such materials in its custody or control, including in the possession of consultants of the opposing Party, have been destroyed; provided that if a Party requests the physical return of its materials, that Party shall reimburse the returning Party for its reasonable costs of assembling and shipping such materials.

| Class Counsel for Plaintiffs: | Attorneys for Defendants: |
|---|---|
| *[signature]* | |
| Joseph H. Meltzer. (PA Bar No. 80136) | Joseph J. Costello (PA Bar No. 44327) |
| Gerald D. Wells, III | |
| SCHIFFRIN & BARROWAY, LLP | Brian T. Ortelere (Pa. Bar No. 46464) |
| 280 King of Prussia Road | Amy Promislo (Pa. Bar No. 77186) |
| Radnor, PA 19087 | MORGAN, LEWIS & BOCKIUS, LLP |
| (610) 667-7706 | 1701 Market Street |
| | Philadelphia, PA 19103 |
| | (215) 963-5295/5150/4749 |

_Elizabeth A Leland_

Lynn L. Sarko (*pro hac vice*)
Derek Loeser (*pro hac vice*)
Elizabeth Leland (*pro hac vice*)
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3053
(206) 623-1900

_Elizabeth A Lel For_

Jeffrey S. Abraham
ABRAHAM FRUCHTER & TWERSKY LLP
One Penn Plaza, Suite 2805
New York, NY 10119
(212) 714-2444

Dated: _____

Alexander R. Sussman (*pro hac vice*)
David M. Morris (*pro hac vice*)
FRIED, FRANK, HARRIS, SHRIVER &
JACOBSON LLP
One New York Plaza
New York, NY 10004
(212) 859-8005

Dated: _____

6.12. <u>Binding Effect</u>. This *Settlement Agreement* binds and inures to the benefit of the Parties hereto, their assigns, heirs, administrators, executors and *Successors-in-Interest*.

6.13. <u>Return of Discovery Documents</u>. Except for attorney notes, pleadings, transcripts, and other court submissions and exhibits thereto, each Party that received material, including confidential material obtained in formal discovery, material obtained in informal discovery (including initial disclosure material provided pursuant to Federal Rule of Civil Procedure 26), information provided for purposes of settlement, and all other confidential material, from an opposing Party in the course of litigating this Action shall, within thirty (30) days after the Effective Date of Settlement, at the opposing Party's option either (i) return all such materials in its custody or control, including in the possession of consultants of the opposing Party, to the producing Party or (ii) certify that all such materials in its custody or control, including in the possession of consultants of the opposing Party, have been destroyed; provided that if a Party requests the physical return of its materials, that Party shall reimburse the returning Party for its reasonable costs of assembling and shipping such materials.

**Class Counsel for Plaintiffs:**

Joseph H. Meltzer. (PA Bar No. 80136)
Gerald D. Wells, III
SCHIFFRIN & BARROWAY, LLP
280 King of Prussia Road
Radnor, PA 19087
(610) 667-7706

**Attorneys for Defendants:**

Joseph J. Costello (PA Bar No. 44327)
Brian T. Ortelere (Pa. Bar No. 46464)
Amy Promislo (Pa. Bar No. 77186)
MORGAN, LEWIS & BOCKIUS, LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5295/5150/4749

16

_____
Lynn L. Sarko (*pro hac vice*)
Derek Loeser (*pro hac vice*)
Elizabeth Leland (*pro hac vice*)
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3053
(206) 623-1900

_____
Alexander R. Sussman (*pro hac vice*)
David M. Morris (*pro hac vice*)
FRIED, FRANK, HARRIS, SHRIVER &
JACOBSON LLP
One New York Plaza
New York, NY 10004
(212) 859-8005

_____
Jeffrey S. Abraham
ABRAHAM FRUCHTER & TWERSKY LLP
One Penn Plaza, Suite 2805
New York, NY 10119
(212) 714-2444

Dated: _____

Dated: June 20, 2005

17